[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14289
Non-Argument Calendar
_____

Agency No. A072-789-614

JOSE DAVID MARTINEZ NINO and
RUTH ARACELY MARTINEZ,

                                          Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                          Respondent.

_____

Petition for Review of a Final Decision of
the Board of Immigration Appeals
_____

(September 20, 2013)

Before WILSON, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Jose David Martinez Nino, the lead petitioner, and Ruth Aracely Martinez,

his wife and derivative beneficiary of his applications for relief, petition this Court

for review of the Board of Immigration Appeals' denial of his applications for special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), Pub. L. No. 105-100, 111 Stat. 2160 (1997) (codified at 8 U.S.C. § 1101 note), and asylum under the Immigration and Nationality Act, 8 U.S.C. § 1158. Mr. Nino argues the BIA erred by concluding (1) that he is ineligible for relief under NACARA because he failed to timely register for benefits pursuant to the settlement agreement reached in *American Baptist Churches v. Thornburgh*, 760 F.Supp. 796 (N.D. Ca. 1991) ("ABC"), and (2) that he did not qualify for asylum. Upon review of the record and the parties' briefs, we dismiss the petition in part and deny the petition in part.

The BIA's legal conclusions are afforded *de novo* review. *Ayala v. United States Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010) (citation omitted). The BIA's factual findings are reviewed under the "highly deferential" substantial evidence test, and we will affirm the BIA's factual determination "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id*. (citation and quotation marks omitted). We will only reverse "when the record compels a reversal." *Id*. (citation and quotation marks omitted).

As an initial matter, we dismiss the petition in part on jurisdictional grounds. We lack jurisdiction over the claim that Mr. Nino was denied an opportunity to testify on whether he registered for ABC class benefits because he

2

failed to raise that claim before the BIA. *See Amaya-Artunduaga v. United States Atty. Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) ("[B]ecause Amaya failed to raise his due process claim before the BIA, we lack jurisdiction to consider it.").[1] We also lack jurisdiction over Mr. Nino's remaining arguments aimed at showing the BIA erred by denying his application for relief under NACARA. As section 203(5)(C)(ii) of NACARA mandates that a "determination by the Attorney General as to whether an alien satisfies the requirements of this clause (i) is final and shall not be subject to review by any court," we are precluded from reviewing Mr. Nino's remaining arguments because they, at bottom, challenge the factual determination that he failed to timely register for ABC class benefits. *See, e.g.*, *Ixcot v. Holder*, 646 F.3d 1202, 1213-1214 (9th Cir. 2011) (concluding federal courts are precluded "from reviewing the agency's factual determination that an immigrant is ineligible for ABC benefits or special rule cancellation of removal under NACARA § 203") (citations omitted); *Molina Jerez v. Holder*, 625 F.3d 1058, 1069 (8th Cir. 2010) ("Whether Molina registered for ABC benefits in a timely manner is a purely factual issue over which this court lacks jurisdiction.") (citations omitted).

---

[1] On appeal to the BIA Mr. Nino argued that sufficient evidence showed that he was registered as an ABC class member and urged the Board to "review Respondent's record in its entirety and find that he was a registered ABC class member . . . ." [AR at 44].

Turning next to Mr. Nino's asylum claim, we conclude that it fails on the merits. An alien may qualify for asylum by demonstrating he has a well-founded fear that upon returning to his country he will be persecuted on account of one of five statutorily protected grounds: "race, religion, nationality, membership in a particular social group, or political opinion." *Mehmeti v. United States Atty. Gen.*, 572 F.3d 1196, 1199 (11th Cir. 2009) (quoting 8 U.S.C. § 1101(a)(42)(A)). To satisfy this standard, an alien has the burden of proving, among other things, good reason to fear he will be "singled out" for persecution on account of one of the statutorily protected grounds. *Id*. at 1200 (citation omitted).[2] Mr. Nino argues that he is entitled to asylum because he has a well-founded fear of being the target of crime due to his wealth and previous refusal to join the Salvadorian military and guerrillas, but the BIA did not err in rejecting this argument. Even assuming that wealthy Salvadorians who previously refused to join the Salvadorian military or guerillas constitute a "particular social group," Mr. Nino failed to meet his burden of demonstrating he would be singled out on account of his membership in that group. *See, e.g.*, *Forgue v. United States Atty. Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005) ("[A]n alien is required 'to present *specific, detailed facts* showing a good

---

[2] Although an alien need not show he will be singled out if he proves a "pattern or practice . . . of persecution of a group of persons similarly situated to the applicant" on account of one of the statutorily protected grounds, 8 C.F.R. § 208.13(b)(2)(iii), Mr. Nino did not raise this argument before the BIA [AR at 41-44], and we therefore lack jurisdiction to consider it. *See Amaya-Artunduaga*, 463 F.3d at 1250.

reason to fear that he or she will be singled out for persecution on account' of such a protected activity") (citation omitted and emphasis added). None of the evidence or testimony Mr. Nino presented demonstrated a connection between his previous refusal to join the Salvadorian military or guerillas and his fear of being the target of criminals; instead, Mr. Nino's testimony and declaration [AR at 161, 214], the U.S. Department of State Human Rights Report [AR at 186], and relatives' written declarations [AR at 993, 995] paint a picture of general criminal activity that all of Salvadorian society must unfortunately endure. Accordingly, Mr. Nino's application for asylum was properly denied by the BIA.

**DISMISSED IN PART AND DENIED IN PART.**